IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT FENNELL, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 4:CV-16-2094 |
| AMY HIMES, | : (Judge Brann) |
| Defendant | : |

### MEMORANDUM

November 2, 2016

**Background**

Robert Fennell an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield) filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has also submitted an in forma pauperis application.[1] For the reasons set forth below, Fennell's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening

---

[1] Fennell has completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Clerk of Court is directed to issue the Administrative Order to the Warden noting that he should begin to deduct money from the inmate's account in the manner described in the Administrative Order.

provisions of 28 U.S.C. § 1915.

Named as sole Defendant in the Complaint is SCI-Smithfield Hearing Examiner Amy Himes.  Plaintiff states that on or about May 14, 2015, he was issued an institutional misconduct report which charged him with threatening an employee with bodily harm and using abusive and obscene language towards an employee.  See Doc. 1, ¶ 9.  According to the Complaint, Hearing Examiner Himes presided over the resulting disciplinary proceedings.  The Defendant purportedly violated Plaintiff's right to due process by denying his request to have Inmate Brown and correctional staff members appear as witnesses.

It is also alleged that Himes acted improperly by refusing to consider an affidavit by Inmate Brown which was submitted by the Plaintiff, basing the finding of guilt solely upon the written misconduct report, and refusing the inmate's request "to face his accuser."  Id. at ¶ 15.  The Complaint adds that Plaintiff was found guilty of both charges by the Defendant and consequently sanctioned to a sixty day term of disciplinary custody[2] and loss of institutional employment.  See Doc. 1-1, p. 3.  Plaintiff seeks monetary damages as relief.

---

[2] The disciplinary custody sanction imposed by Hearing Examiner Himes also apparently constituted a restriction on Fennell's telephone, visitation, and commissary privileges.

**Discussion**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and who wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit). § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis

3

claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton, 504 U.S. at 33.

As previously discussed, Plaintiff alleges that Hearing Examiner Himes violated his due process rights by denying his request for witnesses; refusing to consider an affidavit by Inmate Brown; basing the finding of guilt solely upon the written misconduct report; and denying him the opportunity to confront his accuser.

The Fourteenth Amendment prohibits the states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A protected liberty interest may be created by either the Due Process Clause itself or by state law. In order to determine whether a due process violation has occurred, an initial determination must be made that a protected liberty interest exists and, if so, the next step is to define what process is mandated to protect it.

In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), the United States Supreme Court held that "prison disciplinary proceedings are not part of a

criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556.  It added that a prisoner facing serious institutional sanctions is entitled to some procedural protection before penalties can be imposed.  Wolff, 418 U.S. at 563-71.  The Supreme Court set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id.  An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985).  In that case, the Supreme Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

    A subsequent decision, Sandin v. Conner, 515 U.S. 472, 480-84 (1995), shifted the focus of liberty interest analysis from one "based on the language of a particular regulation" to "the nature of the deprivation" experienced by the

prisoner. Id. at 481.  In Sandin, the Supreme Court reasoned, inter alia, that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence.  Id. at 485.  Courts within this circuit, applying Sandin in various actions, have found no merit in procedural due process claims presented regarding institutional disciplinary hearings which resulted in disciplinary custody placement.  See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002)(because prisoners can reasonably anticipate transfer to disciplinary custody, placement in segregation as a disciplinary sanction did not implicate a protected liberty interest); Griffin v. Vaughn, 112 F.3d 703, 706-08  (3d Cir. 1997)(no liberty interest in avoiding fifteen (15) month placement in administrative custody because said confinement was not atypical); Smith v. Mensinger, 293 F.3d 641, 645, 654 (3d Cir 2002)(seven (7) months of disciplinary confinement did not implicate liberty interest).

In Diaz v. Canino, 502 Fed. Appx. 214, 218 (3d Cir.  2012), the Third Circuit reiterated that the sanctions resulting from prison disciplinary hearings do not affect a protected liberty interest unless the sanction imposes an atypical and significant hardship on the inmate.  Diaz concluded that a 360 day term of disciplinary confinement did not implicate a protected liberty interest.

Plaintiff does not allege that he was sanctioned to a loss of good conduct

6

time or that the sanctions imposed by Hearing Examiner Himes adversely affected the length of his sentence. Rather, exhibits accompanying the Complaint show that Fennell was sanctioned to a sixty (60) day term of disciplinary custody and loss of his institutional employment. See Doc. 1-1, p. 3. Thus, Plaintiff acknowledges that his punishment was not excessive under the guidelines established by Diaz. Since the term of disciplinary custody levied against Fennell is less than the sanction at issue in Diaz, Defendant Himes is entitled to entry of dismissal as the challenged actions did not implicate a protected liberty interest.[3]

**Conclusion**

Based upon an application of the rules of law set forth in Sandin and the subsequent line of decisions cited above the sanctions imposed by sole Defendant Himes , sixty (60) days of disciplinary custody and loss of institutional employment were not of such magnitude as to implicate a protected liberty interest under Sandin.

Since Plaintiff's pending civil rights claim is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.

---

[3] It is equally well-settled that an inmate does not have a protected liberty or property interest in continued prison employment. James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir.), cert. denied, 493 U.S. 870 (1989); Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975). The right to earn wages while incarcerated is a privilege, not a constitutionally guaranteed right. Thus, the loss of Plaintiff's prison job was also not a constitutional infringement.

Wilson, 878 F.2d at 774.   An appropriate Order will enter.

                                BY THE COURT:

                                s/ Matthew W. Brann  
                                Matthew W. Brann  
                                United States District Judge